[Crim. No. 3108. Second Appellate District, Division Two.—July 29, 1938.]

THE PEOPLE, Respondent, v. MORRIS COINER, Appellant.

George W. Rochester for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a conviction of the crime of violation of section 337a, subdivision 2, of the Penal Code, a felony, and from the court's order denying a new trial.

The contention of the defendant is that one who is found guilty of conducting a pari-mutuel method of wagering and not a banking or book-making game outside the enclosure where the racing takes place cannot be convicted of the violation of the said section, but can only be convicted of violating section 15 of chapter 769, Statutes of 1933, a misdemeanor, and that therefore the superior court was without jurisdiction to hear, try and adjudge the defendant.

Since the filing of appellant's opening brief in this action the Supreme Court has decided the issue adversely to the defendant in the case *In the Matter of the Application of William Walker for a Writ of Habeas Corpus,* 11 Cal. (2d) 464 [80 Pac. (2d) 990]. In that case the court said: "A legal wager could be made under the act only through the machine, within the enclosure, and only on the dates for which horse racing is licensed. Where the conditions laid down by the act are followed, wagering on horse races is legal, and therefore the statute creates an exception to the general prohibitions contained in the Penal Code. But the act does not purport to repeal section 337a of the said code. In section 3 of the act it is stated: 'All other forms of wagering or betting on the result of a horse race shall be and remain illegal and any and all wagering or betting on horse races outside the enclosure where such horse races shall have been licensed by the board shall be and remain illegal.' Sec-

tion 15 similarly declares that all other forms of wagering shall be punishable as provided in the Penal Code."

Judgment and order denying a new trial affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 25, 1938.